CHARLES O'REILLY *vs.* PETER DUFFY.

A bill of exceptions cannot be sustained to the admission in evidence, on a trial to determine between former partners the amount of certain debts owed by the firm, of a portion only of a written statement of its business, if the terms of the bill justify the inference that the omitted portion contains nothing material to the issue.

It is not absolutely necessary that a paper constituting a material part of the evidence in a case should be read to the jury or put into their hands during the trial.

CONTRACT. The declaration was as follows : " And the plaintiff says that he and the defendant were copartners, and agreed to dissolve their copartnership, and by said agreement the defendant was to purchase the plaintiff's interest therein, and the defendant did purchase the plaintiff's said interest and paid therefor $653.62, and promised the plaintiff that, in case the demands owed by the copartnership to its creditors in Boston did not amount to so much as represented by the defendant at the time of the agreement aforesaid, he, the defendant, would pay the plaintiff an additional sum, to wit, one half of the difference be-

tween the amount actually due said creditors and the amount represented by the defendant to be so due. And the plaintiff says that the defendant represented and alleged that the amount owed by the copartnership to its creditors in Boston was, at the time of said agreement, $1834.28. And the plaintiff says that the amount in fact due to said creditors at the time of said agreement was $1161.05, and no more, and the defendant owes the plaintiff one half of the difference between the two last named sums, to wit, $336.61, and interest."

Trial and verdict for the plaintiff, in the superior court, before *Brigham*, C. J., who allowed the following bill of exceptions: "The parties in this action were formerly partners in business, and upon the dissolution of the firm (as was contended by the plaintiff) the defendant purchased the plaintiff's interest in the stock in trade for a certain sum, and agreed that if the amount of the debts in Boston should be less than an assumed amount the defendant would pay the plaintiff one half of the difference. At the trial, there was evidence tending to show that the parties undertook to ascertain the state of the business of the partnership, in relation to merchandise constituting their stock in trade, and the debts owed by and to it, and that they made a written statement of these matters, and made the contract declared on with reference to that statement. One McManus, who testified that he assisted in writing that statement, identified a paper exhibited at the trial as the statement written by him, and said paper purported to be a statement of the debts due by the partnership in Boston, and of other matters relating to the business of the partnership, but did not appear to contain, and did not contain, the whole statement of such business as the same was written in taking account of the same. The witnesses of both parties, by the counsel of both parties, were examined as to the identity of the paper exhibited with the written statement which was made, and as to whether the parties acted upon it as the basis of such contract in taking said account, but the paper exhibited was not read to the jury or put into their hands during the trial. The judge, against the objection of the defendant, directed the paper exhibited to be given to the jury when they retired, at the request of

the plaintiff's counsel. To this proceeding of the judge, and the accompanying ruling that the paper by the acts of the parties during the trial had been put into the case, the defendant's counsel excepts."

*H. E. Fales*, for the defendant.

*A. A. Putnam*, for the plaintiff.

WELLS, J. This bill of exceptions is obscurely drawn, and somewhat imperfect in its statements. We can discover only two distinct grounds upon which the exceptions rest :

First. That the paper submitted to the jury " did not appear to contain, and did not contain, the whole statement of such business as the same was written in taking account of the same." But as the controversy related only to the amount of debts due in Boston, and " said paper purported to be a statement of the debts due by the partnership in Boston," as well as of other matters relating to the business of the partnership, we must presume that the presiding judge was satisfied that it was material, and that it contained all that affected the question in issue. The exceptions do not allege otherwise.

Second. The objection that the paper " was not read to the jury or put into their hands during the trial," does not show that it had not been treated by both parties as being in the case. The time and manner of presenting such a paper, formally, to the jury, are matters in which the presiding judge may exercise a discretion.

Whether the paper exhibited was sufficiently identified to render it admissible ; and whether the manner in which it was exhibited, and in which it had been treated by the parties during the course of the trial, was such as, in effect, to make it a part of the evidence in the case, are questions of fact, upon which the decision of the judge at the trial must necessarily be conclusive.

As the exceptions fail to show that the paper was one not proper to be admitted as evidence; and also fail to show that the judge at the trial erred in any matter of law in allowing it to be submitted to the jury, they must be *Overruled.*