FRANCIS A. SAWYER *vs.* CHARLES E. GARCELON.

*Record of judicial proceedings—how put in evidence. Practice.*

Where the record of former judicial proceedings (in the same court) is admissible, the party desiring to introduce it may put in either the original record itself or a certified copy of it, at his option.

If the original record is introduced, it need not be taken to the jury room.

It is discretionary with the court at *nisi prius* to say whether or not the jury shall be permitted to take to their room papers used in evidence upon the trial; and the exercise of this discretion will not be revised by the court *in banc*, unless it is clear that some injustice has thereby been done.

ON EXCEPTIONS.

TRESPASS DE BONIS. To establish her title to the property in question, which had been attached by the defendant, as an officer, upon a writ against the plaintiff's husband, Mrs. Sawyer was called as a witness in her own behalf. To affect her credibility, the defendant then offered to read in evidence the record of her conviction of and sentence for larceny, upon a plea of guilty, at the September term of this court for this county. The justice presiding at the trial said he should not let the book of original records go to the jury without the consent of the clerk, which the latter declined to give; and, thereupon, the judge refused to allow the original record to be read to the jury, and the defendant excepted.

*C. Record* and *J. D. Stetson*, for the defendant.

*A. D. Cornish* and *H. C. Wentworth*, for the plaintiff.

PETERS, J. We are of the opinion that the record offered in evidence should have been received. There can be no question of its competency. Strictly speaking, it is the best, and only original, evidence of the facts recited in it. A verified copy of the record, though admissible, is still only secondary evidence. Anciently, the record itself was offered when the cause requiring it

was in the same court where the record was; and an exemplification of it was used when the cause was pending elsewhere. Now however, in most, if not all of the courts in this country, copies of the record properly authenticated, are received as sufficient in all cases; a practice said to be' established either by immemorial usage or early statutes to that effect. *Knox* v. *Silloway*, 10 Maine, 201; *Vose* v. *Manly*, 19 Maine, 331; *Brooks* v. *Daniels*, 22 Pick., 498; *Day* v. *Moore*, 13 Gray, 522; *Ladd* v. *Blunt*, 4 Mass., 402; *Commonwealth* v. *Phillips*, 11 Pick., 28; and see 1 Greenl. on Ev., § 501, and notes. So that in this case the defendant was entitled to put in evidence either the record itself or a copy of it, at his option.

The judge presiding, however, excluded the original record, upon the supposition, that if admitted it must go to the jury room with the papers of the case. This, we think, was erroneous. It was not necessary that the jury should have it. They could get no aid from an inspection of it if in their possession. The construction of it was for the court. Where a domestic record is put in issue it is to be tried by the court, notwithstanding it is a question of fact. If a foreign judgment, the issue is to be tried by a jury. The reason is, that the court, in case of a domestic judgment, can have an inspection of the record itself, but if it is a foreign judgment it can only be proved by a copy, the veracity of which is a question of fact for the jury. *Hall* v. *Williams*, 6 Pick., 232; Greenl. on Ev., and notes, before cited.

Furthermore, it is inevitably, to some extent, a question of discretion with the court, whether papers used at a trial, shall be taken to the jury room or not. It not infrequently happens that it is imprudent, if not impossible for a jury to have papers and parcels used in evidence before them. Original volumes from the registry of deeds are often received as evidence in our courts; so too are dockets of our clerks; but neither of these would ordinarily go to the jury room. Some portions of documents are oftentimes admissible in evidence, when it might be extremely prejudicial to one party or the other, to have the remainder examined or seen. In

such, and in many other cases, the court at *nisi prius* would undoubtedly have a discretionary power, to be of course cautiously exercised, to give such direction, as to the admission of such materials into the jury room as might seem best; and the whole court would not be required to revise the decision of a single judge in regulation of such matters, unless it was clear that some injustice had thereby been done. *Commonwealth* v. *Haley*, 13 Allen, 587; *O'Reilly* v. *Duffy*, 105 Mass., 243; *Commonwealth* v. *Hatfield*, 107 Mass., 227.      *Exceptions sustained.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and VIRGIN, JJ., concurred.