MARY A. STEVENS AND GEORGE H. MEAD *v.* ELIZA H. GOODENOUGH.

January Term, 1910.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed February 16, 1910.

*Equity—Cloud on Title—Tax Sale—Supplemental Proceedings
—Necessity—Sale of Land for Taxes—Validity—Notice—
Quantity of Land Sold—Pleading—Demurrer.*

A bill in equity to remove a cloud on the title to real estate caused
by an alleged invalid tax sale made after an alleged invalid exe-
cution sale, the validity of which is also contested in a pending
equity suit referred to in the bill, is not bad on demurrer for that
the matters alleged should by "supplemental proceedings" have
been brought into the pending case, since the bill does not show
who are the parties in that case.

A tax sale of land is invalid if either it is made without notice, or more
land is sold than· is necessary to pay the tax and costs.

On the overruling of a demurrer to a bill in equity to remove a cloud
on the title to real estate caused by a tax sale that the allegations
show to have been invalid, the bill may be properly taken as con-
fessed and a decree entered thereon as provided by chancery rule
No. 16.

An allegation in a bill in equity to remove a cloud from the title to
real estate caused by an invalid tax sale, that defendant bought
the premises at the illegal tax sale for $60.25 is not equivalent to
the allegation that defendant paid taxes on the premises to that
amount, so as to render the bill bad on demurrer for failure
to allege an offer to reimburse defendant.

APPEAL IN CHANCERY.   Heard on demurrer to the bill at
the March Term, 1909, Washington County, *Stanton*, Chancellor.
Demurrer overruled; bill adjudged sufficient and taken as con-
fessed; and decree for the orators.   The defendant appealed.
The opinion states the case.

*T. R. Gordon* for the orators.

*Edward H. Deavitt* for the defendant.

HASELTON, J.   This bill is brought for the removal of a cloud upon the orators' title to their home farm, in Moretown, alleged to consist of about 100 acres with a double house, barn and outbuildings thereon.   The bill alleges that the defendant claims title to the premises in question through a tax sale thereof as the property of the orator Mead, and J. Eli Goodenough, husband of the defendant.   The bill alleges that the said J. Eli never had any interest in the premises but that he acquired a pretended interest through an execution sale of the interest of the oratrix Mary A. Stevens, which sale was invalid because made in defiance of homestead rights particularly set out.   It appears from the bill that the validity of the execution sale is being contested in a case pending since 1900 in the court of chancery to which this complaint is brought.   As to the parties to the long pending case this complaint shows nothing, and as to its nature nothing except what is here recited.   As to the tax sale at which this bill is aimed, want of notice is, among other things, alleged, and it is alleged that the collector sold more land than was necessary to pay the taxes.   Following these and other allegations the bill prays for the removal of the cloud upon the orator's title, and in connection therewith prays for a discovery of the defendant's claimed title.

The defendant demurred on the ground that the orators are not entitled to any such discovery or relief as the bill seeks.   The demurrer was overruled and a decree for the relief sought was rendered.   The defendant appealed, and claims that her demurrer should have been sustained.   The first argument in support of this claim is that the matters alleged in this cause should by "supplemental proceedings" have been brought into the pending case in which the legality of the execution sale is in contest.   But the bill does not show who are parties to that case, who complains or who defends.   It may well be that this defendant is not, and ought not to be made, a party to that case.   Reference has been made to all that the bill recites about the nature of the contest in the long pending case.   The allegations of this bill are not such that the question which the defendant here raises can be considered on demurrer.

As to the prayer for discovery of the defendant's claimed title by virtue of a tax sale, the defendant urges that she cannot be compelled to disclose the facts relating to her title. But it is immaterial how this is, for the bill, as has been seen, alleges specific facts which if true make the defendant's title invalid, *Brush* v. *Watson*, 81 Vt. 43, and the truth of these allegations the defendant has admitted by her demurrer, and the matter of the bill was proper to be proceeded in and decreed upon without a discovery. See Rules in Chancery, No. 16, of the existing rules, No. 17, of the former rules.

It is suggested as another reason why the bill is insufficient that it does not contain an offer to reimburse the defendant for taxes of $60.25 set forth in the bill as paid by the defendant. But the bill does not set forth that the defendant paid the taxes, but that she bought the premises at an illegal tax sale, which is a very different allegation. This case was not argued orally and questions not made on the briefs are not considered.

*The decree is affirmed and the cause is remanded. The defendant may make such if any application to the court of chancery as she is advised that she ought to make.*