ESTER P. HILL

*vs.*

FREDERICK A. DAY AND CLEMENTINE R. FOSS.

York.    Opinion November 28, 1911.

*Landlord and Tenant.    Subtenant.    Duty of Landlord.    Safety of Premises.*
*Liability of Landlord.    Agency.*

A landlord is under no greater duty to a subtenant, respecting the safety of the premises, than he is to the tenant to whom he let the premises.

In the letting of a dwelling house there is no implied warranty that it is reasonably fit for use, and no obligation on the part of the landlord to make repairs on the leased premises, unless he has made an express valid agreement to do so; but the tenant, on the principle of caveat emptor, and in the absence of any fraud on the part of the landlord, takes the property in the actual condition in which he finds it.

The lessor of a dwelling house is not liable to a subtenant for injury caused by plaster falling, in the absence of an agreement by the landlord to keep the premises in repair.

Evidence in an action by a subtenant against a landlord for injury caused by plaster falling *held* insufficient to show that the landlord knew of the defective condition.

A subtenant, suing the lessor of premises for injury caused by plaster falling, cannot show liability under gratuitous undertaking by the landlord to repair and negligent performance of the work, in the absence of a showing that the subtenant was a party to the undertaking or knew of it before the accident.

Agency cannot be established against an alleged principal by showing the words and acts of the alleged agent.

On exceptions by the plaintiff.    Overruled.

Action on the case to recover damages for personal injuries alleged to have been sustained by the plaintiff and caused by the falling of plastering upon the plaintiff from the ceiling in the kitchen of a certain dwelling house owned by the defendant Day. Plea, the general issue.    At the conclusion of the plaintiff's evidence, the presiding Justice ordered a nonsuit.    To this ruling and certain other rulings excluding certain testimony the plaintiff excepted.

The case is stated in the opinion.

*Mathews & Stevens*, for plaintiff.

*John P. Deering*, for defendant Day.

SITTING: WHITEHOUSE, C. J., SAVAGE, SPEAR, CORNISH, KING, BIRD, HALEY, JJ.

KING, J.  This case comes up on exceptions to an order of nonsuit, and other exceptions by plaintiff to the exclusion of testimony. The action is to recover damages for personal injuries alleged to have been sustained by the falling of plastering upon the plaintiff from the ceiling in the kitchen of a dwelling house owned by the defendant Day.

Exceptions to the order of nonsuit.

The declaration alleges that the house was occupied by Clementine R. Foss (one of the defendants) under a contract with Day, and used by her as a dwelling house and for the letting of rooms.  No evidence, however, was introduced as to any contract of tenancy between Mr. Day and Mrs. Foss.  The plaintiff testified that she hired of Mrs. Foss a front room with the privilege of using the kitchen for passing through to the back yard, and for some cooking and light housekeeping, and began her occupancy on Nov. 10, 1908.  On the 20th of November the plaintiff, having passed from the back yard through the kitchen with some clothes, came back into the kitchen and shut a door—presumably the door leading from the kitchen to the yard—whereupon a portion of the ceiling plastering fell upon her causing the injuries complained of.

If it be assumed that the relation of landlord and tenant existed between Mr. Day and Mrs. Foss with respect to the house in question, as alleged in the declaration, the fact that the plaintiff was using the kitchen by permission of Mrs. Foss would create no greater liability on the part of Day to the plaintiff than that which he was under to Mrs. Foss by virtue of the relation of landlord and tenant between them.

The law is well settled in this State that in the letting of a dwelling house there is no implied warranty that it is reasonably fit for

use, and no obligation on the part of the landlord to make repairs on the leased premises unless he has made an express valid agreement to do so ; but the tenant, on the principle of caveat emptor, and in the absence of any fraud on the part of the landlord, takes the property in the actual condition in which he finds it.  *Bennett* v. *Sullivan*, 100 Maine, 118 ; *McKenzie* v. *Cheetham*, 83 Maine, 548 ; *Libby* v. *Tolford*, 48 Maine, 316 ; *Whitmore* v. *Pulp Co.*, 91 Maine, 297.

In the absence of any evidence in this case as to the terms of the tenancy of Mrs. Foss it must be held that the defendant Day was under no obligation to keep the premises in question in repair, and that Mrs. Foss, and the plaintiff occupying by her permission, there being no fraud on the part of Day, took the house in the condition in which it was for better or worse.  *Gregor* v. *Cady*, 82 Maine, page 136.  Accordingly the defendant Day was not liable to the plaintiff for her injuries if they resulted from neglect to keep the house in repair.

But the plaintiff claims that the defendant Day is liable to her on the ground that the insecure condition of the plastering and consequent danger that it might fall was a secret defect—a trap—in the premises, known to Mr. Day, and the existence of which he did not communicate to his tenant Mrs. Foss, and of which she had no knowledge.  This claim is not supported by the facts and circumstances in evidence.

We need not here decide the question whether, if at the time Day let the house to Mrs. Foss there was an existing danger that the plastering might fall and he had knowledge of it, it was his legal duty to inform her of it, because there is no evidence that any such danger existed when the tenancy of Mrs. Foss began, or, if it did then exist, that Day had any knowledge of it which he did not communicate to her, or that she did not otherwise have knowledge of it.

As has been noted, there is no evidence in the case relating to Mrs. Foss' tenancy, it does not appear how long she had been in occupation of the premises.  It does appear, however, by the testimony of Judith K. Young that when she began occupying some

rooms in the house on Nov. 1, 1906—two years before the plaintiff's injuries — Mrs. Foss was then in occupation of the house. Day's duty and freedom from duty to Mrs. Foss, and consequently to the plaintiff, in respect to communicating information of any defects or dangerous conditions in the leased premises, must be determined as of the time he let the property to Mrs. Foss. If it does not appear that he had knowledge of the defect at that time then no such duty is shown. If he then owed no such duty to his tenant, no subsequent knowledge on his part of a defective condition of the premises would create that duty. The only evidence tending to show that Day had knowledge of the condition of the plastering before the plaintiff's injuries is in the testimony of Judith K. Young to the effect that while she occupied rooms in this house from November 1st, 1906, to April, 1907, she called Day's attention to a place in the kitchen ceiling, near where the plastering fell upon the plaintiff, where there was a leak and from which some plastering had then fallen. But that was after the beginning of Mrs. Foss' tenancy for the witness testified that Mrs. Foss occupied the tenement at the time she went there and that she "hired with her."

Further the plaintiff alleged in her declaration "that the defendant Day had undertaken to remedy said dangerous condition and had done the work so unskillfully and incompletely as not to make said kitchen safe for occupancy." In support of this allegation the plaintiff testified that about a week or ten days *after* her accident Mr. Day was at the house and Mrs. Foss called his attention to the leak in the kitchen, which presumably caused the plastering to fall, and that he said he had been up there to work on the roof with men, and Mrs. Foss replied "You haven't stopped the leak yet." The plaintiff further testified that no work was done on the roof from the time of her injuries to the time of this conversation.

Assuming that this testimony would justify an inference that Day had, prior to the time of the plaintiff's injuries, undertaken to repair the leak in the roof and, in the language of the declaration, "had done the work so unskillfully and incompletely as not to make said kitchen safe for occupancy," that inference alone would not authorize the application of the principle which the plaintiff here invokes.

That principle is thus expressed in *Gregor* v. *Cady*, 82 Maine, page 137 : "And although the lessor's attention, after possession taken by the lessee, was called by the latter to the rickety condition of a portion of the premises and he thereupon agreed to repair it, still he was under no obligation to fulfill his promise. But when upon the request of the lessee the lessor gratuitously undertook to make the repairs and negligently and unskillfully performed the work, whereby the lessee was subsequently injured, the lessor became liable by reason of his misfeasance, provided he undertook to repair the particular part of the premises to which his attention was called and where the injury occurred."

"If a party makes a gratuitous engagement and actually enters upon the execution of the business and does it amiss through the want of due care, by which damage ensues to the other party, an action will lie for this misfeasance." 2 Kent's Com. 570. "The confidence induced by undertaking any service for another is a sufficient legal consideration to create a duty in the performance of it." Note in *Coggs* v. *Bernard,* Smith Lead. Case. (6th Am. Ed.) 335. It will be seen that this principle is not applicable to the case at bar. If Day undertook to repair the roof before the accident to the plaintiff, there is no evidence that the plaintiff was a party to his gratuitous undertaking, or had any knowledge of it before her accident. To give the plaintiff a right of action against Day for misfeasance on his part, if he did actually enter upon the gratuitous service of repairing the roof, it must be proved at least that she had knowledge of his undertaking, otherwise no confidence could have been induced in her by his acts, and of course without such knowledge on her part it could not be held that she relied upon the assumption that he had exercised reasonable care and skill in the performance of that work. No such proof is made. It is therefore the opinion of the court that the evidence in behalf of the plaintiff was not sufficient to entitle her to a verdict against the defendant Day, and that the nonsuit was properly ordered.

We assume that the plaintiff does not now urge the other exceptions taken, as no argument in their support is presented in the brief of plaintiff's counsel.

But we find no reversible error in the rulings excepted to. The testimony excluded was clearly incompetent and immaterial. "Agency cannot be established against an alleged principal by showing the words and acts of the alleged agent." *Eaton* v. *Provident Association*, 89 Maine, 58.

The entry in this case must therefore be,

*Exceptions overruled.*