STATE OF MAINE *vs.* TONY SUTKUS.

Oxford.       Opinion, December 7, 1935.

*Matthew McCarthy*, County Attorney, for State.
*Aretas E. Stearns*, for respondent.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

HUDSON, J. On exceptions. The respondent stands jury-convicted of an assault and battery with intent to kill and slay while armed with a dangerous weapon. The presiding Justice denied his motion for a new trial, to which exception was taken. Instead, his remedy was to appeal. R. S. 1930, Chap. 146, Sec. 27 ; *State* v. *O'Donnell, et als.*, 131 Me., 294, 161 A., 802 ; *State* v. *Dodge*, 124 Me., 243, 127 A., 899. Without particular comment, however, it may be stated that, although the ruling on the motion is not properly before us, we have carefully examined the evidence and found it sufficient to warrant the verdict.

Another exception presents a question of law, thus arising: The State produced the complainant. He was cross-examined at length as to what he testified in the Municipal Court. At the opening of the defense, respondent's attorney said: "I would like to have the record show that the testimony by Tony Rogers" (this complainant) "at a preliminary hearing as shown by the transcript of evidence I hold in my hand is a correct transcript of the testimony he gave at that hearing." The County Attorney so admitted. The Court asked: "You will read it?" Respondent's counsel answered: "I will read it in testimony" and did. The transcript itself was not then offered. At the conclusion of the evidence and before argument, it was. The State's objection was sustained, to which ruling the respondent's counsel excepted. We perceive no merit in this exception. While the State's attorney agreed that the transcript might be read to the jury, his agreement did not extend to its admission as an exhibit.

The defense contends that had it been admitted, it could have been used by the jury in retirement in comparing his testimony on the stand with that given in the lower court. Had this been a legally taken deposition (as for instance under Sec. 19, Chap. 146, R. S. 1930) and as such had been received in evidence, the respondent could not then, as a matter of right, have had it "delivered to the jury on their retiring to consider of their verdict," for it would have been a matter of discretion, the exercise of which in the absence of its abuse would not have been a legal ground of exception. *Whithead* v. *Keyes*, 3 Allen 495, 498 ; also see *Burghardt et als.* v. *Van Deusen et als.*, 4 Allen 374, 378 ; *Farnum* v. *Pitcher*, 151 Mass.

470, 476, 24 N. E. 590; *Melanefy* v. *Morrison*, 152 Mass. 473, 476, 26 N. E. 36; *Krauss et al.* v. *Cope*, 180 Mass. 22, 61 N. E. 220; *Annawan Mills, Inc.* v. *Mangene*, 237 Mass. 451, 454, 130 N. E. 77.

In *State* v. *Caldwell*, 106 S. E. 139 (N. C.), it was held not error to exclude from the jury room statements of respondents made before a coroner.

In *People* v. *Dowdigan et al.*, 34 N. W. 411 (Mich.), a new trial was ordered, where the Court at the request of the jury permitted it to take into the jury room the written evidence of the deceased complaining witness.

In *State* v. *Lowry*, 24 S. E. 561, 564 (W. Va.), it was held improper to permit the jury to take out depositions in behalf of the accused but permissible to order any portions of such depositions re-read to it. Likewise, a signed dying declaration, which has been received in evidence, may not as a matter of right be taken into the jury room. *Dunn* v. *People*, 50 N. E. 137, 138. The Court said:

"The written statement in question assimilated so nearly to a deposition that all of the reasons which have by text writers and courts been advanced in support of the view that depositions should not be taken by a jury in their retirement may well be invoked as reasons why this statement should not have been allowed to go into the jury room. . . . To deliver the written statement to the jury so that they might have it constantly before them during their deliberations, to operate on their sympathies as well as their memory, tended to give a manifest advantage to the People over the plaintiff in error, whose proof was but oral. No reason is suggested, nor is any perceived, why the one party should thus have been given an advantage over the other." See also *State* v. *Moody*, 51 Pac. 356, 359; *Territory of New Mexico* v. *Eagle*, 30 L. R. A. (N. S.) 391; *Smith* v. *State*, 39 So. 329, 334; In Re: *Barney's* Will, 44 A. 75 (Vt.).

In *State* v. *Kimball*, 50 Me. 409, 418, the trial court was upheld in refusing to allow the Revised Statutes to be taken into the jury room.

In *Sawyer* v. *Garcelon*, 63 Me. 25, 26, this Court said:

"Furthermore, it is inevitably, to some extent, a question of discretion with the Court, whether papers used at a trial, shall be taken to the jury room or not." Also see *Rich* v. *Hayes*, 97 Me. 293, 54 A., 724; *McPhee* v. *Lawrence*, 123 Me. 264, 122 A., 675.

So had the transcript been admitted, it was still within the discretion of the Court to deny the use of it in the jury room, and, unless there were compelling reasons, it were better in the exercise of that discretion to deny such use. Preferable practice is that which has obtained heretofore in our courts not to send out to the jury depositions but to grant the jury, when it desires refreshment of memory, the right to have them re-read in the open court room, as there it may have read oral testimony.

"It is certainly not the policy of the law, to give a superiority to depositions over oral proofs. With the oral proofs, given by witnesses on the stand, the jury must be content, and make up their minds upon it, some of which, important to be remembered, may be — such is the infirmity of the human memory — forgotten. The adversary, having no other than written testimony, contained in depositions, which the jury, taking with them, can read, discuss, dissect and, if disposed torture the words from their true meaning, and which are constantly before them, during their deliberations, to operate on them, has a most manifest advantage over him whose proofs are oral, which no rule of law or practice should accord to him." *Rawson* v. *Curtiss*, 19 Ill. 456, 480, 64 C. J., Page 1028, Foot Note (a).

"It is held in many states either with, or without, apparent statutory basis therefor that it is error to permit the jury to take to their room depositions which have been read on trial. Within this rule are affidavits or statements which have been read in evidence as the testimony of a witness, or which have been admitted to impeach a witness." 64 C. J., Sec. 818, Pages 1027, 1028.

Furthermore, the transcript having been read to the jury by consent of the State's Attorney, its contents were as much before

the jury as though it had been formally offered and admitted. The respondent was not prejudiced by the refusal of the Court to admit it as an exhibit.

The respondent also excepted to certain portions of the charge of the presiding Justice, dealing with the right of self-defense. His counsel in his argument has made no reference whatever to this exception. As a consequence, we have the right to and do consider this exception waived. *Hill* v. *Foss*, 108 Me. 467, 471, 81 A. 581; *Wight* v. *Mason et als.*, 134 Me. 52, 180 A. 917, 918; *Norwood* v. *Lathrop*, 178 Mass. 208, 211; 59 N. E. 650; *Hopperman* v. *Fore River Ship Building Co.*, 217 Mass. 42, 46, 104 N. E. 463; *Stevens* v. *Goodenough*, 83 Vt. 303, 75 A. 398; *Sunapee Dam Corporation* v. *Alexander et al.*, 181 A. 120, 124 (N. H.); *Williams* v. *Harriott*, 180 A. 851 (N. J.); 4 C. J., Sec. 3057, page 1067. Were the exception not waived, the respondent would avail nothing by its consideration, as the instructions given contained no error.

*Exceptions overruled.*