Vermont Superior Court
Filed 01/31/24
Orleans Unit

VERMONT SUPERIOR COURT
Orleans Unit
247 Main Street
Newport VT 05855
802-334-3305
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-03840

| Rocco Realty, LLC v. Town of Greensboro et al |
|---|

## ENTRY REGARDING MOTION

Title:      Motion to Dismiss; Motion to Dismiss Count II (defendants: Town of Greensboro & J. Long);  (Motion: 3; 5)
Filer:      Kevin L. Kite; Gregory W. Fox
Filed Date:      October 12, 2023; November 27, 2023

The motion is GRANTED IN PART and DENIED IN PART.

*Shatney Motion to Dismiss*

Plaintiff Rocco Realty, LLC, filed the present action before it registered as a foreign corporation within the State of Vermont and sought a certificate of authority. The Shatney Defendants seek to dismiss this action based on 11 V.S.A. § 1634. This provision states that a limited liability company subject to the provision of the 11 V.S.A. Chapter 15 (registration of business entities) "shall not institute any proceedings in this State for the enforcement of any right or obligation unless it shall, prior to the issuance of the original return or complaint therein, have filed the returns and paid the registration fee required by this chapter." Id.

There is no dispute that if the plain language of Section 1634 applies, then Plaintiff lacks the standing to have originally brought the case. The question is then two-fold, first does Section 1634 apply to Plaintiff, and if it does, can Plaintiff's subsequent registration and obtaining of the certificate of authority cure this defect.

The plain language of section 1634 states that it is only applicable to entities "subject to this chapter." 11 V.S.A. § 1634. Looking to § 1621(a), the statute states that it is applicable to "persons doing business in this State under any name other than his or her own, and every copartnership or association of individuals, **except corporations and limited liability companies** . . . ." 11 V.S.A. § 1621(a) (emphasis added). Subsequently, Section 1623 requires registration for "a business

organization doing business in this state under any name other than that of the business organization . . . ." 11 V.S.A. § 1623. Since neither of these provisions apply, the Court finds no basis to conclude that Rocco Realty, LLC was obligated to "register" under 11 V.S.A. Chapter 15 and is not subject the terms of 11 V.S.A. § 1634.

Rocco Realty, as an LLC incorporated and registered to do business in the State of New Hampshire, was and remains obligated to obtain a certificate of authority as a foreign company seeking to do business in Vermont and to avail itself of the courts and legal process of this state. This obligation is found under 11 V.S.A. § 4119. While Rocco Realty attempts to couch its activities under the exceptions for a foreign corporation to obtain a certificate of authority, which are found in 11 V.S.A. § 4113(c), the Court finds these arguments unpersuasive. Rocco Realty came into Vermont and bid on properties at a tax sale. Its present action is an effort to enforce a claim that Rocco Realty believes it has on the Shatney's property based on an alleged difference in the amount of money it claims was due to it during the redemption period and the amount paid to it by the Town of Greensboro.

Such actions do not fit under either subsection 7 (acquiring indebtedness, mortgages, or security interest in real property); 8 (securing or collecting debts); or 9 (owning real property). This is because the act of bidding at a tax sale does not vest a bidder with title to the property or a lien, mortgage, or similar interest in the real estate. Moreover, the relationship between bidder and owner is not one of buyer and seller or borrower and creditor. There is little to no relationship between the property owner and bidder at all because it is the municipality as fiduciary seeking to collect its taxes who has the relationship with bidder and proceedings to enforce or set aside are proceedings in equity. *Bodie v. Town of Barnet*, 129 Vt. 46, 52–55 (1970). They are proceedings in invitum— against the owner's will. Id. at 52. Only if the amount is unredeemed does the bidder have a claim to seek a tax collector's title issued by the town. While this touches upon several of the issues that fall under the exemption in Section 4113(c), the tax sale process is itself unique and separate process that cannot be read into the more traditional forms of property ownership, mortgages, and debt collection.

Additionally, Rocco Realty's arguments for an exemption from seeking a certificate of authority fail because its activities now go beyond simply acting as a tax sale bidder. It is seeking recourse for its claim from the Vermont judiciary and has instituted legal proceedings that do not seek the payment of funds due, but rather seek a substantial transfer of real estate based on a

relatively modest, alleged delinquency. Such legal action falls directly within the ambit of Section 4119, which states that a "foreign limited liability company conducting business in this State may not maintain a proceeding or raise a counterclaim, crossclaim, or affirmative defense in any court in this State until it obtains a certificate of authority to transact business in this State." 11 V.S.A. § 4119(a)(1).

The language of Section 4119(a)(1) is substantially different from Section 1634. While Section 1634 uses the phrase "may not institute any proceedings," Section 4119(a)(1) uses the phrase "may not maintain a proceeding." The difference is supported by the different functions that each section provides. Chapter 15 where Section 1634 is located deals with the registration of business entities. This includes partnerships, trade names, and alternative names. The purpose is existential. Does this entity exist? What kind of entity is it? The registration process is a necessary and formal acknowledgment by the Secretary of State that this business entity exists and ties it to either an individual or partners or a recognized corporate entity. In contrast Section 4119 deals exclusively with foreign limited liability companies, which, by definition, have been organized and registered as a formal legal entity. 11 V.S.A. § 4112. The certificate of authority merely confirms their status as valid LLCs and their existing contact information.

These differences inform the language of Section 1634 and 4119. In the former, the lack of registration is a lack of formal recognition as an entity. In the later, the lack of a certificate authority is not necessarily a lack of organization as a business but lack of confirmation with the State of Vermont that the entity is what it purports to be. Instead, of a standing issue, the language of Section 4119 indicates that lack of certificate of authority is ultimately curable, but acting without such does open the entity to potential penalties, including fines and fees. 11 V.S.A. § 4119(e). Such penalties, however, are the purview of the attorney general's office. 11 V.S.A. § 4120. In this respect these statutes regarding foreign limited liability companies function as regulatory statutes intended to compel compliance with the requirements that foreign LLCs apply with the Secretary of State to confirm their status, particularly if they are seeking to use the Vermont legal system to prosecute a right or remedy, but the failure to do so is not fatal to an otherwise valid LLC or an action brought by such an LLC prior to obtaining a Certificate of Authority.

In this case, Rocco Realty, LLC is a New Hampshire LLC that was conducting business in Vermont. It did not register as a foreign LLC under 11 V.S.A. § 4112 until after it initiated this

present action, but under Section 4119(a), the failure to do so at the outset is not fatal to the cause of action. For these reasons, the Shatney Defendants' Motion to Dismiss is **Denied.**

*Town of Greensboro Motion to Dismiss*

### Motion to Dismiss Janet Long

The first part of the Town of Greensboro's motion to dismiss concerns Janet Long, the Greensboro Delinquent Tax Collector who has been named a defendant in the present action in her official capacity. The Town notes that 24 V.S.A. § 901(a) requires an action against an appointed or elected officer must be brought instead against the Town. *Civetti v. Turner*, 2020 VT 23, ¶ 20; see also *Nelson v. Town of St. Johnsbury*, 2015 VT 5, ¶61, n.11.

The purpose of Section 901, as *Civetti*, notes is to require the municipality to "defend-and-indemnify" the individual officer. 2020 VT 23, ¶ 20. As noted in *Nelson*, this does not remove liability, it simply requires the municipality to stand in the shoes of the officer where a plaintiff can make any claims that it would make against the individual officer, and the municipality can claim any defenses available to the officer. 2015 VT 5 at ¶ 61, n.11.

In this case, it is not clear from the pleading if Plaintiffs are seeking to hold Ms. Long liable for any damages that Plaintiff claims are due and owing to it, or if she has been named simply as the official who must sign the tax deed that Plaintiffs claim through specific performance. Section 901 does not distinguish between such claims, and Plaintiff has not briefed the issue. The Court has no basis to conclude that a claim for specific performance brought against the Town cannot have the adequate relief sought or that there is a new defense created by dismissing Ms. Long as a party. *Nelson*, 2015 VT 5, at ¶ 61, n. 11.

The Court finds that the plain language of Section 901 controls, and the Town's motion to dismiss on this count is **Granted.** Defendant Long is **Dismissed** as a party to this litigation, and the parties shall amend the caption to reflect her removal.

### Motion to Dismiss Count II.

The second part of the Town of Greensboro's motion to dismiss seeks to dismiss Plaintiff's second claim for specific performance on the grounds that (1) plaintiff does not have a private right of action to seek a tax deed from the Town and (2) Plaintiff's claim is not supported by Vermont law.

For the purposes of the present motion, the Court understands that facts to be as follows.

The Shatneys own two parcels in the Town of Greensboro, 55 Highlander Street and 933 Hillcrest Road. On June 21, 2021, Plaintiffs placed the winning bid for the 55 Highlander Street property at a duly warned tax sale conducted by the Town of Greensboro. The winning bid was $6,500. On May 31, 2022, Plaintiff received a payment of $6,868.67 from the Town, which the Town denoted as a complete payment of all taxes and fees owed along with interest. On June 14, 2022, Plaintiffs placed the winning bid at another tax sale, this time, for 55 Highlander Street ($8,000) and 933 Hillcrest Road ($16,000).

In January 2023, Plaintiff reviewed its prior years books and came to conclusion that it was owed an additional $434.92. Plaintiff sent a letter to the Town Attorney for the Town of Greensboro noting this deficiency. This led to a back and forth between Plaintiff and the Town in which the two parties debated the rules of Vermont tax sales and procedure. No part of this conversation appears to have been copied to or gone to the Shatneys.

On April 10, 2023, Plaintiff received two checks totaling $16,602.48 for the 933 Hillcrest Road property from the Town. On June 6, 2023, Plaintiff received a second batch of checks totaling $8,375.41 from the Town for 55 Highlander Street. In both cases the Town represented that these were complete amounts for redemption.

Plaintiff persisted in its objections, and the Town Attorney stated that if Plaintiff had any further issues, it needed to address them with the Shatneys. From the parties' various analyses, what appears to have happened is that the Town only applied the 12% annual interest rate to the amounts of property tax and applied a lower rate of interest to the remaining fees, costs, and amounts in the bid. This resulted an $1,582.11 shortage to Plaintiff.

In its filings, Rocco Realty relies upon two Vermont decisions. The first is *Moore v. Town of Brighton*, Dckt. No. 78-3-14 Casc, at 1 (Jun. 17, 2014) (Teachout, J.) a small claims court decision where Judge Teachout interprets 32 V.S.A. § 5260 to require interest to run off the entire bid and not merely the unpaid taxes. The second is *Westine v. Whitcomb, Clark & Moeser*, 150 Vt. 9, 12–13 (1988), where the Vermont Supreme Court ruled that an owner cannot redeem or prevent a tax sale by making a partial payment on the amounts due.

There are two important distinctions for each of Plaintiff's cases that complicate any straightforward application of *Moore* and *Westine* to the present case. First *Moore* is a small claims court case, while it is written by a highly esteemed and knowledgeable member of the trial court bench, it has no binding authority but can only stand for persuasive authority. *Cold Springs Farm Development, Inc. v. Ball*, 163 Vt. 466, 469–70 (1995). Second, Judge Teachout's reasoning in *Moore* was ultimately obiter dicta because the case was dismissed in favor of the Town. *Moore*, Dckt. No. 78-3-14 at 2.

This is not to say that *Moore* is without persuasive authority, but its reasoning has actually been adopted by the Vermont Supreme Court, which has definitively ruled on how to calculate the amount of interest dur under 32 V.S.A. § 5260. In *Hogaboom*, the Court states:

> [T]he base on which the one-percent interest charged to taxpayer is assessed does change at the time of the tax sale. Following the tax sale, a taxpayer seeking to redeem property is liable for interest at the rate of one percent not only on the delinquency itself, but on the sum of the delinquency, accrued interest through the date of sale, various collector's fees, and attorney's fees. The tax sale itself increases the base against which interest is assessed.

*Hogaboom*, 2014 VT 11 at ¶ 25.[1]  Based on this, the Court concludes that the property amount of interest in each of the tax sales should have been calculated off the sum of the delinquency (taxes, fees, accrued interest) at the date of the tax sale and run to the date when the Shatneys made the redemption payment.

The Supreme Court's decision in *Westine* is, as the Town has noted in its motion to dismiss, limited by the facts of that case. In *Westine*, the Town of Rockingham put a property up for tax sale in June of 1980 where a third-party made a winning bid. The owner of the property sought to redeem the property in October of 1980 by making a tax payment plus what the owner calculated to be the interest and fees due. The Town noted to the owner that the interest payment was insufficient by approximately $200. The owner's attorney in a fit of pique refused to make the payment at that time, but he acknowledged the shortage and informed his client. The Town also informed the owner of the shortage. In March of 1981, Owner's attorney died, and by the end of

---

[1] The holding of *Hogaboom* is slightly different than the holding of *Moore*. The Court in *Hogaboom* only extends the interest to the unpaid taxes and fees and not to any of the amounts paid beyond those fees. The Court in *Moore* suggests that the whole amount is subject to interest.

the period of redemption, the $200 was not paid, and the Town issued a tax deed to the third-party buyer. 250 Vt. at 10–11.

The Vermont Supreme Court held that once the Town sold the property at a tax sale, its ability to accept partial payments on the taxes and fees because the winning bidder had effectively paid the amounts and any amounts due were due to the bidder and not the Town. Id. at 12. As well, the Supreme Court found that the Town had not relinquished its right to collect the full interest amount. Id. "The Town advised [Owner's attorney] when he attempted to redeem the property with a partial payment that such payment did not satisfy the statutorily prescribed amount. The Town further advised him that a tax deed would be issued to [Bidder] if the balance was not paid prior to the expiration of the redemption period on July 15, 1981. Moreover, [Owner's attorney] acknowledged that he understood this warning by writing to the Town on December 17, 1980, indicating that before July 15, 1981, a check would be sent to cover the interest due." Id.

These latter facts are particularly important because tax sales are creatures of statutes, but legal proceedings to enforce are matters of equity. *Bodie*, 129 Vt. at 52–55. The Court in *Westine* found that the fault of non-redemption lay entirely with the Owner and Owner's attorney who were told multiple times that the Town would be seeking the full interest amount and given adequate notice of the remaining amount that was due. It was Owner's attorney's truculence coupled with a series of omissions that left the tax bill partial, but not completely paid. None of which were attributable to the Town or to the Bidder.

In the present case, the facts indicate a different set of circumstances. First, the actions and representation of the Town are the sources of the discrepancy. The Town through its collector of delinquent taxes and town attorney made representations to both Owner and Bidder regarding the redemption amounts. Bidder objected to this amount and made claims to additional amounts, which were never accepted by the Town. There is no evidence that either the Town or Bidder informed the Owner of this dispute or gave the Owner the opportunity to weigh in on the issue or even to make a payment. In this respect, the case begins to resemble more of an Officer's Error and Omission. See generally 78 AM. JUR. 2D STATE AND LOCAL TAXATION § 854 (2024 update) (collecting cases).

As the North Dakota Supreme Court recently noted:

Equitable relief may be available to a person seeking to redeem who has been misled by the public official responsible for handling the redemption. See *Annot., Effect of certificate, statement (or refusal thereof), or error by tax collector or other public officer regarding unpaid taxes or assessments against specific property,* 21 A.L.R.2d 1273 (1952), and cases collected therein. The general rule is "[w]hen failure to comply with the requirements of the redemption statute is due to the fault or mistake of the public officer whose duty it is to furnish the taxpayer with requisite information, and upon whose advice or direction the tax redemptioner has relied in good faith and without negligence on his own part, his rights will not be cut off." 72 AM.JUR.2D STATE AND LOCAL TAXATION § 1027, at 299–300 (1974) (footnote omitted). See also 85 C.J.S. TAXATION § 1353 (2001). The mistake or inadvertence on the part of the public officer cannot be a "conscious departure from the law on his part," and the public officer has no authority "to affect the purchaser at the tax sale or the purchaser of tax certificates by a deliberate disregard of redemption requirements known both to the officer and the owner, or to indicate that the officer can waive compliance by the tax redemptioner with the statutory requirements governing the right of redemption." 72 AM.JUR.2D STATE AND LOCAL TAXATION § 1027, at 300 (footnote omitted).

*Higgins v. Trauger*, 2001 ND 149, ¶ 15, 632 N.W.2d463.

In Vermont, it has long been held that defects in notice and process can undo a tax sale or become grounds for restoring an owner's title. *Stevens v. Goodenough*, 83 Vt. 303, 304 (1910). As the Vermont Supreme Court has recently affirmed, failure to properly notice an owner of tax sale is necessary to satisfy due process. *Hogaboom*, 2014 VT 11 at ¶¶ 15–27 (imposing due process notice requirements on a town seeking to sell a property at tax sale).

What these concepts have in common is that the harsh results that have come from *Westine* and similar cases will not follow if the owner is not put on notice or given a fair opportunity to redeem their property. While 32 V.S.A. § 5260 does require certain amounts to be repaid and interest, under *Hogaboom* to be paid on certain amounts owning, the calculation of these numbers is done by the Town and are often opaque to the owner, particularly in a case, such as this, where the owner is not represented.

Based on this reasoning, the Court does not see where a claim of specific performance can be maintained in this case with the facts as currently pled. Whatever strict application of Section 5261 that Plaintiff may seek cannot be imposed against an owner who was told different payment numbers and who relied upon the Town to present accurate repayments numbers. Notwithstanding this conclusion, the Court recognizes that the present complaint was recently filed, that the Shatney Defendants have not entered denials, Plaintiff has not conducted discovery, and the Plaintiff has

already requested the opportunity to file an amended complaint. Therefore, Plaintiff has 30 days to either filed a motion to amend its complaint or voluntarily dismiss its second claim. The Court shall schedule a status conference in this matter, and the parties shall be prepared to discuss a schedule and timeframe for discovery and mediation.

## **ORDER**

Based on the foregoing, the Shatney Defendants' Motion to Dismiss is **Denied.** The Town of Greensboro's Motion to Dismiss Janet Long is **Granted.** The Town of Greensboro's Motion to Dismiss Plaintiff's claim for specific performance is **Granted in Part and Denied in Part.** Plaintiff shall have 30 days to amend its complaint. If an amendment is not filed, the Court shall **Dismiss** Plaintiff's claim for specific performance.

Electronically signed on 1/29/2024 9:20 PM pursuant to V.R.E.F. 9(d)

_____

Daniel Richardson
Superior Court Judge