## COFFIN v. GEPHART *et al.*

1. **Contract**: RATIFICATION. Where a person, in the lawful possession of personal property belonging to another, sells the same without authority, and the owner subsequently, and with knowledge of all the circumstances of the sale, acquiesces in, and ratifies the same, although but for a short time, he becomes thereby bound by the sale, and cannot afterwards repudiate it.

2. **Replevin**: DEFENSE. A defendant in an action of replevin cannot be made liable when he was not in possession of, and did not claim any interest in property at the time the action was commenced, and was not in collusion with a co-defendant touching the same.

3. **New trial**: DEPOSITION: JURY. A jury, when it retired to consider upon its verdict, took to the jury-room a deposition which had been taken in and was material to the case, but was not offered in evidence, without the knowledge or consent of the parties: *Held*, that the verdict should be set aside and a new trial granted.

*Appeal from Wapello District Court.*

THURSDAY, APRIL 6.

REPLEVIN for a bull. The plaintiff being owner of the animal in controversy, left him in possession of his tenant, who, after using, working and treating him as his own for a considerable time, sold him to the defendant Gephart, who lived not far from plaintiff's neighborhood. The defendant Gephart, after keeping the animal for some months, sold him to his co-defendant Halsey. There was a trial by a jury, with verdict and judgment for plaintiff, from which defendants appeal. The further necessary facts are stated in the opinion.

*C. C. Nourse* and *Dixon & Stiles* for the appellants.

*Williams & Hamilton* for the appellee.

COLE, J. — I. There appears to have been no controversy between the parties, as to the former ownership of the property by the plaintiff; but the defendants claim that plaintiff, after a full knowledge of the sale by his tenant, to the defendant Gephart, acquiesced in and ratified the sale, and looked to his tenant for pay for the property. There was evidence introduced, tending to show these facts.

1. CON-
TRACT:
ratifica-
tion.

The defendants asked the court to instruct the jury that, "if any person, being in the lawful possession, sells the personal property of another without authority, and the owner subsequently, and with knowledge of all the circumstances of the sale, acquiesces in, and ratifies it, although but for a short time, he becomes thereby bound by the sale, and cannot afterwards repudiate it to suit his convenience." This instruction, with others of like import, was refused, and such refusal is assigned as error.

We think this instruction embodies the law of the case, and should have been given. Pars. on Contr., 45, 46, and note *a* (3d ed.); *Smith* v. *Hodson,* 4 Durn. & East, 126–130; *Therold* v. *Smith,* 11 Modern, 71; *Matthews* v. *Gilliss,* 1 Iowa, 242.

II. It is claimed by appellants that Gephart had sold and delivered the animal to the defendant Halsey, some time before the bringing of this suit; and that, since Gephart was not in possession of the property, nor colluding with his co-defendant Halsey, as to keeping possession from the plaintiff, no recovery can properly be had as against Gephart. But all the evidence is not certified to this court, and we cannot therefore know whether it shows defendant Gephart to have been in possession or not. It appears by one of the bills of exceptions, that it was proved that Gephart admitted, some weeks before the suit was brought, that he had the animal in his possession. There is certainly no error apparent in this part of the record. If, however, Gephart was not in possession of the property, and did not claim any interest in it, or collude with his co-defendant, he cannot be made liable in an action of replevin; and the instructions asked by defendants on this point should have been given.

2. REPLE-VIN: defense.

III. When the jury retired to consider of their verdict, they took with them and read in their room a deposition taken by the plaintiff, and which had not been offered in evidence in the case. The deposition was material to the issues in the case; and there is no showing whatever that the defendants or their attorneys had any knowledge that the deposition was so taken until after verdict. There was a motion for a new trial on this ground, among others, which was overruled.

3. NEW TRIAL: deposition: jury.

Our statute (Rev., § 3068) provides that depositions, which have been read in evidence even, shall not be taken by the jury to their room. If such depositions were, how-

ever, taken by the jury and not read, or were taken with the consent of the parties, or with their knowledge and without objection, and read in their retirement, in such and like cases there is either no prejudice, or a waiver of it, or estoppel against asserting it. *Shields* v. *Guffey*, 9 Iowa, 322; *Turner* v. *Kelley*, 10 Id., 574; *Davenport* v. *Cummings*, 15 Id., 219. But where, as in this case, the deposition had not been offered in evidence, and was material to the issues, and was taken and read by the jury without the knowledge or consent of the party or his attorneys, it becomes a sufficient ground for setting aside the verdict.

There was no error in giving the third and sixth instructions by the court. The first instruction asked by defendants and refused, while it may be based on a correct legal principle, is so unguarded in its phraseology as to justify its refusal. The other instructions asked by defendants embraced, in substance, the same general rule as the one noticed under the first point of this opinion, and should have been given.

Reversed.