McLeod v. The Humeston & Shenandoah R'y Co.

1. New Trial: CONSIDERATION BY JURY OF EXTRANEOUS EVIDENCE. Where a paper containing evidence material and pertinent to the issues, and capable of influencing the minds of the jurors, but which had not been introduced as evidence in the case, was, by inadvertence, given to the jury with the proper papers in the case, and the same was read by the jurors, *held* that the court properly set aside the verdict and granted a new trial, even after it had denied a new trial on the ground that the verdict was not supported by the evidence. (See opinion for cases cited.)

*Appeal from Page Circuit Court.*

TUESDAY, MARCH 8.

PLAINTIFF brings this action to recover for personal injuries sustained by him while in the employment of defendant as a fireman of a locomotive running upon defendant's road. The petition alleges that the injuries were caused by the negligence of defendant in failing to keep its track at the place of the accident in a safe condition, whereby the locomotive upon which plaintiff was employed was thrown from the track, and precipitated down an embankment. There was a verdict for defendant, which was set aside upon motion of plaintiff, based upon the misconduct of the jury.

Defendant appeals from the order of the court setting aside the verdict.

*W. W. Morsman*, for appellant.

*McCabe & Hill*, for appellee.

BECK, J.—I. The engineer in charge of the locomotive was killed by the accident, and a coroner's inquest was held upon his body. The evidence taken at the inquest, by some means which are unexplained, was taken by the jury when they retired to consider the case, and was read by many, if not all, of the jurors. No fault can be attached to counsel on either side for the evidence coming into possession of the jury. It was in the possession of one of the counsel during the trial, and, it appears, was left by him upon the table where he sat. It was given to the jury with other papers when they retired to consider the verdict. The evidence had not been offered or admitted in evidence, and was, in violation of law, wrongfully · taken and read by the jurors. It gave a particular and, in some respects, a minute descrip·tion and statement of matters pertaining to the accident, some of which tended to show that it was caused by the felonious act of some unknown person; spikes fastening the rails having been pulled out, and the rails thus displaced. The evidence was thus material and pertinent to the issues in the case, and capable of influencing, adversely to plaintiff, the minds of the jurors who read and considered it. Some of the jurors declare in affidavits filed in support of the motion that the evidence was considered by the jury in determining the verdict; others, in affidavits filed by defendant, declare that it was not; but all who speak upon that point admit that it was read by many jurors.

II. The evidence in question being capable of influencing the jury, and unlawfully before them, there can be no assurance that their verdict was the result of the consideration alone of the lawful evidence in the case. The jury were

exposed to unlawful influence; it cannot be said that none of them yielded thereto. The law requires, to the end that a correct and pure administration of justice be attained, that the verdict be regarded as tainted with the misbehavior of the jury in taking and reading the evidence, and be set aside. This is the only course of safety. No other rule will secure the jury from attempts to introduce for their consideration evidence of this character, or other matters which have not come to them through the hands of the court,—the only channel through which lawful evidence can reach them. These views are based upon familiar elementary principles. See *Coffin v. Gephart*, 18 Iowa, 256; *Stewart v. Burlington & M. R. R'y Co.*, 11 Id., 62; *Wright v. Illinois & M. Tel. Co.*, 20 Id., 195; *Kruidenier v. Shields*, 70 Id., 428; *Perry v. Cottingham*, 63 Id., 41.

III. Counsel for defendant think that, as the court held that a motion could not be sustained on the ground that the verdict was not supported by the evidence, it was thus held that the verdict was in accord with the evidence lawfully before the jury, and therefore no prejudice was wrought by the evidence before the coroner's jury, and the verdict should have been permitted to stand. But the circuit court did not hold that the verdict was in accord with the evidence. Nothing further was held than that the verdict was not so wanting of support in the evidence that the court below, under familiar rules, was authorized to disturb it. The circuit court, doubtless, concluded that, if the unlawful evidence had not been before the jury, the verdict might have been the other way. The decision, we must presume, was based upon these grounds, thus harmonizing with the law.

These conclusions dispose of all questions in the case. The decision of the circuit court is

AFFIRMED.