ABRAHAM RICH *vs*. ALVAH R. HAYES, Admr.

Kennebec.    Opinion February 5, 1903.

*Evidence,—Admissible and Inadmissible on same Paper.    Private Memoranda.*
*Practice.    Juries.    New Trial.*

1.  A written statement of a third party containing material evidence against one of the parties to a suit is not admissible in evidence.

2.  If such a written statement, though not admitted in evidence, is allowed at the close of the trial to be taken by the jury to their room with other papers it is prejudicial error and a new trial will be granted.

3.  That such written statement is upon the same paper as a statement which is admissible and was formally admitted in evidence and which may properly be allowed to be taken to the jury room, it must nevertheless be withheld from the jury, either by separation, or complete obliteration, or in some other effectual mode.

Exceptions by defendant.    Sustained.

Action of assumpsit on a promissory note.    Besides the count on the note there was a money count with a specification making reference to the note.

The plea was the general issue with a brief statement of special matter of defense upon which, however, the decision in no way turned.

In addition to his bill of exceptions the defendant also filed and argued a general motion for a new trial.

The case is fully stated in the opinion.

*L. A. Burleigh and Joseph Williamson, Jr.*, for plaintiff.

*G. W. Heselton*, for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, JJ.

EMERY, J.    This was an action against an administrator representing the deceased partners of the late firm of Dingley Bros.    One of the issues was whether certain indorsements or entries in the hand-writing of the plaintiff upon the back of a $3000 note given to

him by the Dingley Bros. were made accidentally and erroneously. The plaintiff claimed they were and that he had written and personally delivered to the Dingley Bros. in their lifetime, a letter stating that the indorsements or entries were erroneous and explaining how they happened to be made, and that they orally assented to the statement and explanation as correct and satisfactory. A copy of this letter was admitted in evidence, the original not being produced in response to due notice to do so.

At the top of this copy of letter was the following memorandum signed by R. W. Rich, a son of the plaintiff, viz:

" The original letter from Abraham Rich to Dingley Brothers of this date of April 18th, 1895, of which this is a true copy, was handed by Abraham Rich to Fuller Dingley of Dingley Brothers in their (Dingley Brothers) office in Gardiner, Maine, in my presence at about three o'clock p. m., of this 'afternoon' of April 18th, 1895. Fuller Dingley read the letter and said, 'your explanation in this letter of your erroneous entries on our $3000.00 note is satisfactory to and agreed to by us, Captain.'

Attest: R. W. RICH."

The plaintiff was known as "Captain Rich." It does not appear that this memorandum was read or offered in evidence, or used at the trial by any witness to refresh his memory.

When at the close of the trial the various documentary exhibits admitted in evidence were about to be passed to the jury to take to their room for use in their deliberations, the defendant objected to the above memorandum signed by R. W. Rich going to the jury with the copy of the letter, but, the plaintiff insisting, it was allowed to be taken by the jury to their room with the copy of the letter. The defendant excepted.

The written memorandum was merely a private one not even made in the course of business. It contained a statement of material and damaging admissions of the defendant's intestate, yet it was allowed to go to the jury not only as evidence, but as documentary evidence, with practically more probative force than the oral testimony of R. W. Rich to the same admissions would have had. It should need

no argument to show that this was error so prejudicial to the defendant as to require a new trial.

*Exceptions sustained.    New trial granted.*