(No. 24755.—
The People of the State of Illinois, Defendant in Error, *vs.* Clifford Holcomb, Plaintiff in Error.

*Opinion filed December 15, 1938—Rehearing denied Feb. 8, 1939.*

Edward L. Bracklow, for plaintiff in error.

John E. Cassidy, Attorney General, Thomas J. Courtney, State's Attorney, and A. B. Dennis, (Edward E. Wilson, John T. Gallagher, Melvin S. Rembe, and Blair L. Varnes, of counsel,) for the People.

Mr. Justice Orr delivered the opinion of the court:

Clifford Holcomb was convicted of burglary in the criminal court of Cook county. He was sentenced to the penitentiary for one year to life, and seeks reversal by this writ of error.

Holcomb has assigned several errors which, he claims, justify a reversal, but we deem it necessary to consider only one. During the course of the trial, the State's attorney offered five exhibits for identification. These consisted of a wrist-watch and ring which were in the safe alleged to have been burglarized, the lock from the door through which the alleged burglar is supposed to have entered the prem-

ises, a key ring containing, among others, a key to fit that lock, and finally another key, also fitting the lock, which was supposed to have been found in defendant's car. These exhibits were never admitted in evidence but the trial judge permitted the jury, over Holcomb's objection, to take them to the jury room during its deliberations. The propriety of this ruling was raised by Holcomb in his motion for new trial which alleged that the verdict was contrary to the law and evidence, and thus the question has been preserved for review.

Even when properly admitted in evidence, exhibits entrusted to a jury at times give the party producing them such a distinct advantage that this court has held it to be within the discretion of the trial judge to refuse to permit the jury to take them to the jury room. (*People* v. *Cheney*, 368 Ill. 131, and cases cited.) Where, as in this case, exhibits are not admitted in evidence, it is a well-established rule that it is error to permit the jury to take them to the jury room. (*DeWulf* v. *Dix*, 110 Iowa, 553, 81 N. W. 779; *La Bonty* v. *Lundgren*, 41 Neb. 312, 59 N. W. 904; *Rich* v. *Hayes*, 97 Me. 293, 54 Atl. 724; *In re Barney's Will*, 71 Vt. 217, 44 Atl. 75; 64 Corpus Juris, 1029, and cases cited.) Holcomb's conviction rested solely upon circumstantial evidence. The lock and keys were damaging links in the chain of probabilities forged by the attorney for the People and their presence in the jury room would tend to unduly influence the jury against defendant. The trial court erred in permitting the jury to have access to these articles not admitted in evidence.

The judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*