Howard Morehead, Administrator of the Estate of Fred C. Morehead, Deceased, for the Exclusive Benefit of Anna L. Morehead and Victoria Morehead, a/k/a Victoria Thompson, Minors, Plaintiff-Appellee, v. Rock Tavern, Inc., a Corporation, d/b/a Rock Tavern, Defendant-Appellant.

Gen. No. 67–60.

Second District.
November 17, 1967.
Rehearing denied December 14, 1967.

Raphael E. Yalden, of Rockford, for appellant.

Pedderson, Menzimer, Conde and Stoner, of Rockford, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court.

Howard Morehead, as Administrator of the Estate of Fred C. Morehead, brought this action against the Rock Tavern, Inc., to recover damages to the means of support of Anna L. Morehead and Victoria Craig Morehead,

minors, under what is commonly known as the Dram Shop Act. (Ill Rev Stat 1965, c 43, par 135.)

This suit arises out of the shooting of Fred C. Morehead, husband of Anna L. Morehead and stepfather of Victoria Craig Morehead, by Ernest Powell, which shooting took place in the early morning of April 24, 1966, in the parking area outside of the Rock Tavern, Inc., Rockford, Illinois.

The case was tried by jury and a verdict of $8,000 was returned and judgment entered on the verdict, from which judgment defendant appeals.

From the facts it appears that on the evening of April 23, 1966, Ernest Powell went to the defendant-tavern on the outskirts of the City of Rockford, Illinois, arriving about 9:45 p. m., according to his own testimony. Fred C. Morehead and three companions arrived at the Rock Tavern about 12:00 midnight and left about 12:30 a. m., to find a car parked in back of their automobile, prohibiting their moving from their parking space. After attempting to page the owner of the unattended auto, and getting no response, Morehead and his companions proceeded to push said auto out of the way.

Powell was also in the parking area at the time, and during a confrontation, subsequent to the moving of the unattended vehicle, Powell shot Morehead and left in his (Powell's) own car. Morehead was taken to the hospital by one of his companions, where he subsequently died as a result of his wounds.

Defendant's appeal requests a new trial, contending that: 1) The court erred in not granting a motion for a directed verdict at the end of plaintiff's case and 2) The court erred in not granting a motion for a new trial for the reason that the verdict was against the manifest weight of the evidence.

██ Under direct examination, two of Morehead's companions, James Thompson and Lee Hicks, used the

terms "droopy," "pretty high" and "he wasn't real steady" to describe Powell's condition at the time of the argument. The defendant states that this terminology is inconclusive in showing intoxication. However, any reasonable person must admit that terms such as those used by the witnesses here are frequently used to allude to a state or degree of intoxication. In the case at bar, it would therefore be up to the jury to determine from the testimony, whether Powell was intoxicated. (See Martin v. Blackburn, 312 Ill App 549, 558, 38 NE2d 939 (1942).)

■ Defendant's witnesses testified to Powell's apparent sobriety but if the evidence be conflicting, the controverted question of fact is settled by the verdict. Cox v. Hrasky, 318 Ill App 287, 293, 47 NE2d 728 (1943).

■ Unless contrary to the manifest weight of the evidence, where the evidence is conflicting upon the issues of fact, the Appellate Court will accept the verdict of the jury, with the approval of the trial judge who heard and saw the witnesses, as decisive of these questions. Village of Dalton City v. Loving, 87 Ill App 520 (1899); Ritter v. Hatteberg, 14 Ill App2d 548, 555, 145 NE2d 119 (1957).

■ Since, only where there is complete absence of probative facts to support a conclusion reached does reversible error appear on account of denial of directed verdict (Nystrom v. Bub, 36 Ill App2d 333, 345–346, 184 NE2d 273 (1962)), this court finds no merit in defendant's first point.

■ ■ The law binding on courts of review in the State of Illinois on the contention that the finding of the jury is against the manifest weight of the evidence is clearly stated in Ritter v. Hatteberg, supra:

> "A verdict based upon conflicting evidence and approved by the trial judge should not be disturbed on appeal unless contrary to the manifest weight of the evidence. To be contrary to the manifest weight

114

of the evidence *an opposite conclusion must be clearly evident."* (Emphasis added.)

Since it would be impossible to judge an opposite conclusion clearly evident in the case at bar, this court finds no merit to defendant's second point.

For the reasons heretofore stated, the decision of the Circuit Court of Winnebago County is affirmed.

Affirmed.

DAVIS, P. J. and ABRAHAMSON, J., concur.