**Eugene R. Walls, Sr., et al., Plaintiffs-Appellees, v. John Jul, et al., Defendants-Appellants.**

**Gen. No. 69–66.**

Second District.

December 23, 1969.

242

Fearer & Nye, of Oregon, Dixon, Devine, Ray & Morin, of Dixon, and Wilson and Frederick, of Springfield, for appellants.

John B. Cashion and John D. Hayes, of Chicago, for appellees.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

This is an appeal from the judgment of the Circuit Court of Lee County awarding $15,000 property damages under the Dram Shop Act (Ill Rev Stats 1965, c 43, § 135) to plaintiffs, Eugene R. Walls, Sr. and Connie Walls, parents of Eugene R. Walls, Jr., who was severely injured in an automobile accident after allegedly consuming vodka purchased at the Rainbow Inn in Dixon. The action was brought against John Jul, owner of the tavern and liquor store known as the Rainbow Inn, his employee, Verna Crowder Powers, and the property owner, Carl Petersen.

The issues raised in appellant's brief are (1) whether plaintiffs established the fact of intoxication, (2) whether the trial court ruled correctly on certain objections to evidence, (3) whether the jury was improperly instructed, and whether the court erred in failing to grant to defendants relief in light of plaintiffs' inadequate compliance with the court's order for production of documents, (4) whether the court erred in giving instructions on negligence in a dramshop suit, (5) whether plaintiffs' attorney made prejudicial remarks in his closing statement to the jury, and (6) whether plaintiffs failed to prove a proposition in their instruction.

Testimony at the trial adduced the following recital of events. On August 17, 1966, Eugene Walls, Jr., a minor, was employed at the Dixon State Hospital. About 1:30 p. m. that day, three other boys employed at the school (all minors) and Walls cashed their pay checks at one grocery store, went to a gas station, and then to the Rainbow Inn where Walls, Jr. purchased a fifth of vodka at the drive-in window from Verna Powers. They were not questioned about the purchase. They picked up a

six-pack of 7-Up at another grocery store and then drove a short distance to a gravel road, where they stopped. Earlier that day, the boys had been drinking beer and Walls, Jr. drank one can of beer on the way to the gas station. While the car was parked on the gravel road, each boy drank part of the contents of each 7-Up bottle and then filled it with vodka and drank it. There were varying accounts of the quantity of vodka consumed by each boy. After the drinks were consumed, they drove a short distance and Walls, Jr. took the wheel, and turned into Route 26. The accident occurred about one-half mile from the second stop. They passed a truck as they went around a curve on Route 26; the car went off the pavement on the right, swerved back and went off to the left. Walls, Jr. lost control of the car and hit a culvert.

A Mr. Hoag testified that he was driving a pickup truck about 30 miles per hour north on Route 26 about 2:23 p. m. on August 17, 1966, when an automobile passed him, went on the right shoulder of the road, skidded as it returned to the pavement, and looked like it would tip over. He said he didn't notice that the car traveled with any excessive speed. He had passed the scene of the accident, thinking it was "a pile of junk," when he saw smoke coming from the wreckage.

A State Trooper, J. O. Buckley, in his testimony, said he was called to the scene of the accident and found the burned out wreckage of an automobile and learned that the occupants had been removed to the hospital. He found an uncapped bottle of vodka, partially filled, lying four or five feet from the wreckage. Officer Buckley made a freehand sketch of the area showing the skid marks and physical characteristics of the scene. He searched the area but found nothing but the vodka bottle. The accident occurred at 2:25 p. m. and Officer Buckley arrived at the scene about 2:44 p. m. At the

246

hospital the next day he talked with the survivors, Walls, Jr., Hernandez and Ramos. Walls, Jr. could remember nothing, and the other two boys stated that all four had been drinking.

Dr. Howard M. Edwards, the physician who attended Walls, Jr., stated that the boy had been operated on three times, that both legs were amputated above the knees. The doctor stated that, in his opinion, Walls would continue to require medical treatment and that the artificial limbs he was wearing would have to be replaced.

Mr. Jul, operator of the Rainbow Inn, testified that on the day in question he sold a bottle of vodka to a woman accompanied by three or four boys. He said he recognized the boys because he had refused to sell to them on previous occasions. The woman assured him the purchase was for her own use. Mrs. Powers, the former employee, said she did not sell the vodka to the boys and would not have done so, because they appeared to be minors.

Mr. Eugene Walls, Sr. testified that the total expenditures in connection with the accident amounted to approximately $7,500. He had had further expenses, and anticipated more in the future. Walls, Jr. had not worked at all since the accident and did not pay for any of his own medical expenses.

On plaintiffs' motion, Verna Powers was dismissed from the suit. The court admitted into evidence the bottle of vodka, and over the objections of the attorney for the defendants, also admitted the sketch prepared by Officer Buckley.

The jury returned a verdict in favor of the plaintiffs, Eugene R. Walls, Sr. and Connie Walls, and against the defendants, John Jul, individually, and d/b/a Jul's Rainbow Inn, and Carl Petersen in the sum of $35,000. The court reduced the award to $15,000 in accordance

with the provisions of section 14 of Article VI of "An Act Relating to Alcoholic Liquor." Smith-Hurd Annotated Statutes, c 43, § 135. A post-trial motion to set aside the verdict in favor of the plaintiffs and against the defendants and for judgment notwithstanding the verdict was denied. The defendants subsequently appealed to this court.

 Defendants contend that the plaintiffs failed to establish the essential element that Eugene Walls, Jr. was intoxicated at the time of the accident and that there is no evidence to support a finding that Walls, Jr. was intoxicated. They, therefore, claim that the court erred in failing to direct a verdict and in refusing to enter a judgment n. o. v. Although the evidence hereinbefore set forth in this opinion was not detailed, we must conclude that its totality was sufficient to permit the jury to determine that Walls, Jr. was intoxicated. Morehead v. Rock Tavern, Inc., 89 Ill App2d 111, 114, 231 NE2d 259. Although there was conflicting testimony on intoxication, under the circumstances present, this was a question of fact to be settled by the jury. The contention that there was no evidence to support a finding that Walls, Jr. was intoxicated and that, therefore, a directed verdict or a judgment n. o. v. should have been entered in favor of the defendants is without merit since there was probative fact to support the verdict. Pedrick v. Peoria & Eastern R. Co., 37 Ill2d 494, 229 NE2d 504. Furthermore, the finding of the jury on the question of intoxication is not against the manifest weight of the evidence.

Defendants also contend that the court erred in admitting into evidence part of a State Police report as an exhibit for the plaintiffs stating that police reports are inadmissible, Smith v. Johnson, 2 Ill App2d 315, 319, and that since it was in corroboration with a witness's trial testimony, the mere attempt to introduce a police report is reversible error. Johnson v. Plodzien, 31 Ill App2d 222, 227, 175 NE2d 560.

■■ It will be recalled that State Trooper Buckley made a diagram or sketch which was apparently part of a police report showing certain measurements concerning the accident. Defendants' position appears to be that since the diagram prepared by the officer was a part of a police report, it is per se inadmissible. We do not believe that the diagram made by the officer comes within the prohibition against introduction into evidence of police reports, but was itself admissible as a diagram explanatory in nature, although it was a part of a police report. The court said in Smith v. Sanitary Dist. of Chicago, 260 Ill 453, 103 NE 254 at p 460:

> "Plats, photographs, drawings and diagrams which illustrate the subject matter of testimony are frequently received in evidence for the purpose of showing a particular situation explaining the testimony or enabling the jury to apply the testimony more intelligently to the facts shown. The exhibits excluded were of this character and might properly have been admitted, but their admission was largely within the discretion of the court. . . ."

Police reports are usually ruled inadmissible because they are in the nature of hearsay or state conclusions. Johnson v. Plodzien, supra, p 227. However, the diagram in question contained the physical observations and measurements made by the officer and gave the jury a clearer picture so that they could more intelligently consider his testimony. The trial court did not abuse its discretion in admitting the diagram into evidence. In any event, we cannot see how the diagram could have been prejudicial to the defendants and its accuracy is not in question.

A further contention of the defendant is that the trial court erred in giving jury instructions inconsistent with the court's own order and in not applying sanctions under Supreme Court Rule 219(c) in response to plaintiffs'

failure to properly respond to defendants' motion for the production of documents.

On March 4, 1968, upon hearing defendants' motion for summary judgment, the trial court entered an order which, in part, reads:

> ". . . that the proof of loss alleged to have been sustained by the plaintiffs be limited to and include only the reasonable and necessary medical expenses causedly connected to the occurrence complained of in the plaintiffs' complaint . . . and that all other claims for damages purportedly sustained by the plaintiffs . . . in . . . (their) complaint be stricken, with prejudice."

Plaintiffs filed a motion to reconsider, stating that "injury to property" does not limit damages to strictly medical expenses, but includes all future medical and other necessary expenses which will occur and have to be paid by Eugene Walls, Sr.

■ It does not appear that the court acted on this motion but apparently there were discussions with the judge. Testimony concerning future expenses was introduced into evidence by the plaintiffs, and plaintiffs' Instruction #5 concerned itself not only with the elements of damage as to medical expense, but also expenses, medical and otherwise, which are reasonably certain to be incurred in the future. We cannot conclude that the trial judge ignored his own order. There was no objection to giving Instruction #5 on the basis that it was in contravention of the court's order dated March 4, 1968, and that point cannot be raised for the first time on appeal. Furthermore, the defendants have not contended in this appeal that the amount of damages and the judgment for $15,000 is excessive.

■ With regard to defendants' contention that the trial court erred in refusing, pursuant to motion, to ap-

ply sanctions to the plaintiffs for not complying properly with an order for the production of documents, since the trial court did not rule on that motion, there is nothing for this court to review.

■ Defendants claim that the court erred in giving plaintiffs' Instructions Nos. 3 and 7 over defendants' objection. These instructions are:

> (3) "More than one person may be to blame for causing injury. If you believe that the defendants are liable under the Dram Shop Act, it is not a defense that some third person may also have been to blame."

> (7) "Verna Powers was the agent of the defendant, John Jul, at the time of the occurrence. Therefore, any act or omission of the agent at the time was in law the act or omission of the defendant, John Jul."

They state that it was error to give these instructions because a dramshop suit is not predicated on the issue of negligence. Schneider v. Kirk, 83 Ill App2d 170, 172, 226 NE2d 655. As to Instruction #3, the objection by one of the defense attorneys at the conference on instructions was that it was preemptory and tends to lead the jury. The attorney for another defendant, at that time, stated that he thought the instruction was fair to both plaintiffs and defendants. In this court defendants contend that the word "blame" conveys to the jury a legal concept of negligence. The concept of negligence as an objection to this instruction was not raised in the conference on instructions. The specific objection of conveying the concept of negligence to the jury should have been made at the conference on instructions.

■ The plaintiffs' instruction No. 12 is IPI 150.-09, which covers the elements of proof required in a dramshop action. One of the elements stated in IPI 150.09 is, "5. That his intoxication was at least one

251

cause of the occurrence in question." While plaintiffs' Instruction #3 is stated to have been tendered because of the possibility that the jury could consider Walls, Jr. to be himself to blame in causing the medical and other expenses being sued for by his parents, it would have been better to have given IPI 150.09 alone. However, in considering plaintiffs' Instructions Nos. 3 and 12 together, we hold that there was no reversible error in giving plaintiffs' Instruction No. 3.

As to plaintiffs' Instruction No. 7, it is the standard IPI instruction 150.02 modified and is an agency instruction. In the conference on instructions, defendants' objection was that an act or omission is an element in a negligence case and that the mere selling of an intoxicant, if in fact it was sold to anyone, is a negligent act for the injury. It is, therefore, claimed that the instruction was confusing and could have led the jury to misapply the law since they were instructed to apply dramshop law with principles of negligence. It is noted that the word "negligence" is not used in plaintiffs' Instruction No. 7. We do not see how this instruction could have prejudiced the jury when considered with the other instructions given. If the jury by conjecture took this instruction to mean that the plaintiffs had to prove a negligent sale of liquor, rather than a mere sale without negligence, it would have made plaintiffs' burden stricter than required under the Dram Shop Act and would have been of benefit to the defendants. We, therefore, conclude that there was no reversible error in giving these two instructions.

During the closing argument of plaintiffs' attorney to the jury he commented several times that the sale of liquor to minors was like "putting dynamite in a child's hands." These comments were objected to but the court did not rule on the objections. The defendants state that these remarks are particularly inflammatory and prejudicial because the plaintiffs had not sustained the

burden of proving that Walls, Jr. was intoxicated and that the jury, wishing to punish someone who might have mistakenly sold alcohol to minors, could have been prejudiced by the analogy argued by plaintiffs' attorney.

■ ■ We previously stated that the intoxication herein alleged was sufficiently proved and that the jury's verdict was not against the manifest weight of the evidence. Attorneys must be allowed to make reasonable comments upon the evidence. Roesler v. Liberty Nat. Bank of Chicago, 2 Ill App2d 54, 61, 118 NE2d 621. Attorneys for both sides during their closing remarks asked the jury to decide the case without sympathy, prejudice or speculation. We do not consider that the remarks objected to were materially prejudicial to defendants and denied them a fair trial. Bruske v. Arnold, 100 Ill App2d 428, 435, 241 NE2d 291.

■ ■ Finally, it is contended that the plaintiffs failed to prove that defendant Petersen had knowledge of liquor sales on the Rainbow Inn premises owned by him. This contention was first raised by Petersen on a motion for a judgment n. o. v., which was denied. The trial court's decision must be viewed in the light of the Pedrick decision, namely, that the evidence must be viewed most favorably to the party moved against. Pedrick v. Peoria & Eastern R. Co., supra. After considering the pleadings of all parties and the evidence, we cannot say that the inference must be drawn that Petersen did not know liquor was being sold at the Rainbow Inn. From the evidence in this case the jury could properly determine that Petersen knew that liquor was being sold there.

For the reasons stated above, the judgment of the Circuit Court of Lee County is affirmed.

Judgment affirmed.

DAVIS and SEIDENFELD, JJ., concur.