PETER D. JACOBS, by his mother, ANITA JACOBS, Plaintiff-Appellant, *v.*
STEVEN S. HOLLEY, a minor, Defendant-Appellee.

(No. 71-84;

Second District—February 8, 1972.

Reid, Ochsenschlager, Murphy & Hupp, of Aurora, for appellant.

O'Brien, Burnell, Puckett & Barnett, of Aurora, for appellee.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Plaintiff appeals from a jury verdict finding defendant not guilty of negligence in a personal injury action.

The record on appeal is incomplete. The *praecipe*, as pertinent here,

requested the testimony of only one witness, the arguments of counsel relative to the three contested instructions and the arguments of counsel with regard to the admission of the accident report into evidence. Plaintiff has taken the unwarranted liberty of setting forth a statement of facts based upon his own counsel's arguments before the trial court rather than from evidence adduced at the trial of the cause. For this reason, it is impossible to set forth a complete statement of facts and this court is precluded from consideration of a portion of plaintiff's three contentions.

CONTENTIONS:

■■ I. *The trial court erred in submitting certain instructions to the jury.*

Plaintiff having failed to include, in either the abstract or the record, all of the instructions tendered to the jury, this contention will not be considered. *People v. Daily* (1968), 41 Ill.2d 116; *People v. Robinson* (1963), 27 Ill.2d 289, 292; *People v. Woodruff* (1956), 9 Ill.2d 429, 440.

II. *The verdict was against the manifest weight of the evidence.*

Counsel conceded during oral argument that the submission of an incomplete record made it impossible for this Court to consider such contention.

■■ III. *The trial court erred in admitting a police accident report into evidence.*

Generally, police reports are not admissible into evidence and the mere attempt to introduce them may be considered reversible error. (*Johnson v. Plodzien* (1961), 31 Ill.App.2d 222, 227; *Walls v. Jul* (1969), 118 Ill.App.2d 242, 248-249; *Dembinski v. F. & T. Corp.* (1970), 124 Ill.App.2d 112, 119-121. See also, Supreme Court Rule 236.) However, it is also a general rule that objection to the introduction of evidence must be made at the time of admission or it will be treated as waived. *People v. Williams* (1963), 28 Ill.2d 114, 116; *People v. Arnold* (1963), 27 Ill.2d 294, 297; *People v. Luckett* (1962), 24 Ill.2d 550, 554; *People v. Trefonas* (1956), 9 Ill.2d 92, 98-99.

The police report of the accident was first used by plaintiff to refresh the recollection of the investigating officer (the only witness whose testimony is before this Court). On cross-examination, the defendant questioned the witness regarding a diagram on the report, then moved for its admittance into evidence. Plaintiff specifically stated, "I have no objection," and the court therefore allowed it into evidence. After closing arguments, the jury was instructed as to the law and was about to retire when plaintiff objected to and requested the deletion of that portion of the report showing the officer's statement of what had occurred at the scene. The court overruled the objection.

The portion of the report which plaintiff sought to delete contained the following statement by the officer: "Car (motorcycle) #2 following

car (motorcycle) #1 when suddenly car #1 swerved to the right in the path of car #2. Car #2 striking car#1 driver in right ankle with fender." During cross-examination by the defendant, the officer related what plaintiff had told him at the scene of the accident: "I believe I swerved to turn or do something and the other motorcycle hit me."

■■ We are of the opinion that any error in the admittance into evidence of the police report was expressly waived by the plaintiff. In any event, we cannot see that plaintiff can claim prejudice by its admission since the same or similar information as contained thereon was already received by the jury through the officer's testimony.

The judgment of the trial court is affirmed.

Judgment affirmed.

SEIDENFELD and GUILD, JJ., concur.