JACK CRANWILL, Plaintiff-Appellant, v. JAMES R. DONAHUE *et al.*, Defendants-Appellees.

Third District   No. 3—83—0796

Opinion filed April 10, 1985.—Rehearing denied June 4, 1985.

BARRY, J., dissenting.

James P. Kellstedt, of Peoria Heights, for appellant.

John E. Cassidy, Jr., of Cassidy & Mueller, of Peoria, for appellees.

JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, Jack Cranwill, filed a complaint for damages for false arrest and false imprisonment, invasion of privacy, malicious prosecution and abuse of process against defendants, James Donahue, sheriff of Tazewell County, and Patrick Landrith, his deputy. After trial in the

circuit court of Tazewell County a jury verdict was returned in favor of defendants.

This well-traveled cause of action began in 1975 when plaintiff was arrested by Landrith and his now-deceased partner and charged with driving under the influence of alcohol. Plaintiff was taken to the sheriff's office and given two breathalyzer tests, which he passed. Even so, the sheriff's department issued an arrest citation, and plaintiff had to post bond. This action began in Federal court, worked its way into State court and, following our holding in *Cranwill v. Donahue* (1981), 99 Ill. App. 3d 968, 426 N.E.2d 337, that the Federal decision was not a bar to the present action nor was the present action time-barred, the instant case finally went to trial.

On appeal, plaintiff contends the defendants' continued reference, over objection, to an arrest report prepared by Landrith; the acceptance and subsequent denial of the report in evidence; and the occurrence of the report's finding its way into the jury room were prejudicial. Defendants assert that even if the circumstances surrounding the police report constitute error, it is not prejudicial and further, it would not have been error to admit the police report into evidence.

The principal issue on appeal is whether the circumstances surrounding the use of the police report during the trial were prejudicial to the plaintiff's case in chief.

■■ ■ Illinois courts have generally held that a police report is not admissible in corroboration of a witness' testimony, and that the mere attempt to introduce such an exhibit may be considered reversible error. (*Johnson v. Plodzien* (1961), 31 Ill. App. 2d 222, 175 N.E.2d 560; *Dembinski v. F. & T. Corp.* (1970), 124 Ill. App. 2d 112, 260 N.E.2d 359; *Jacobs v. Holley* (1972), 3 Ill. App. 3d 762, 279 N.E.2d 186.) The theory behind this line of cases is that police reports are in the nature of hearsay or state conclusions. (*Walls v. Jul* (1969), 118 Ill. App. 2d 242, 254 N.E.2d 173.) Furthermore, where exhibits are not admitted in evidence, it is error to permit the jury to take them to the jury room. (*People v. Holcomb* (1938), 370 Ill. 299, 18 N.E.2d 878.) Not all errors committed at trial, however, constitute grounds for reversal. Only those errors which are prejudicial to the rights of the complaining party are reversible. *Gertz v. Bass* (1965), 59 Ill. App. 2d 180, 208 N.E.2d 113.

■ In the present case, defendants first brought up the existence of the arrest report in their opening statement. They next brought the police report to light during the examination of Landrith, whom plaintiff had called as an adverse witness. Subsequently, during their case in chief defendants were successful in placing the police report in

evidence as a business record; however, the trial court reversed itself and disallowed admittance of the report. Plaintiff raised objections throughout the trial concerning defendants' use of the report, and many of the arguments made by the adverse parties concerning the report were made in the presence of the jury. These circumstances, coupled with the undisputed fact that the police report found its way into the jury room, are enough to show prejudice to plaintiff's case in chief. The aura of mystery surrounding the subject of such heated debate was great enough for the jury to believe its mere existence proved plaintiff's arrest was proper and justified. The culmination of the report's finding its way into the jury room is too great to be allowed as harmless error.

For the foregoing reasons, the judgment of the circuit court of Tazewell County is reversed, and this cause is remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

SCOTT, J., concurs.

JUSTICE BARRY, dissenting:

I dissent. In my opinion, the circumstances surrounding defendants' use of the arrest report did not constitute prejudicial error in this case. The cases cited by the majority for the general proscription against admitting police accident reports (*Johnson v. Plodzien* (1961), 31 Ill. App. 2d 222, 175 N.E.2d 560; *Dembinski v. F. & T. Corp.* (1970), 124 Ill. App. 2d 112, 260 N.E.2d 359) are inapposite to the situation presented here.

Police accident reports are specifically excluded from the business record exception to the hearsay rule in Illinois (94 Ill. 2d R. 236(b)). In the case of an accident lawsuit, the fact that a police investigation report is made is rarely of any relevance to the issues to be decided by the jury. The introduction of a report signed by an officer merely reciting whatever witnesses have to say about the incident is generally hearsay within hearsay and properly rejected when offered to bolster the credibility of the party advocating admission of the report at trial.

The judge-made extension of the rule is that the mere attempt to introduce a police accident report may be reversible error. This seemingly harsh derivative of the supreme court rule recognizes a greater danger posed by this particular form of hearsay evidence than would be the case with other hearsay documents. The obvious reason for the unique rules pertaining to police accident reports is not merely t...t

they are hearsay and state conclusions, but that by their very nature they are clothed with an aura of authority and tend to overpersuade the jurors that the hearsay facts taken down by the officer investigating an accident are more credible than the version testified to at trial by the party opposing the admission of the report.

Nonetheless, exceptions to the rules of exclusion may be found where an officer's first-hand observations are recorded and the officer's report is offered at trial to clarify his testimony. (*Walls v. Jul* (1969), 118 Ill. App. 2d 242, 254 N.E.2d 173.) A police report may be used to refresh the officer's recollection at trial (*City of Crystal Lake v. Nelson* (1972), 5 Ill. App. 3d 358, 283 N.E.2d 239) and may be received into evidence under the "past recollection record" exception to hearsay, if a proper foundation is laid (*cf. Noumoff v. Rotkvich* (1967), 88 Ill. App. 2d 116, 232 N.E.2d 107).

As I see it, of particular significance is the fact that the report in this case was of an arrest, as opposed to an accident. Fair analysis of the rationale underlying the foregoing evidentiary rules and exceptions illustrate why the introduction of the arrest report in this case may not be characterized mechanically as prejudicial. In particular, the rule finding reversible error in the mere attempt to introduce a police accident report finds no justifiable application to the arrest report proffered here. This case did not arise out of an accident. It arose out of the plaintiff's arrest by defendant Landrith. At issue was whether the arrest itself and the subsequent events directly related to that arrest were wrongfully initiated by the defendant officers.

The arrest report was prepared by Landrith and contained a narrative description of the direct observations of officers Landrith and Righi at the time of plaintiff's arrest. Landrith's in-court testimony substantially recited the same matters contained in the report. The fact that a report of the arrest was in existence and had been made promptly and in the usual course of business was relevant to the factual issues presented for the jury's determination—*i.e.*, whether the defendant officers proceeded against the plaintiff without reason to believe that he had committed an offense.

Under these circumstances, I believe that the decision to admit or refuse the report was within the discretion of the trial judge. Even if the arrest report was properly excluded upon defendants' attempt to place it before the jury as a business record, the fact of its existence was admissible in this case. I find no abuse of the trial judge's discretion in refusing admission of the exhibit. By my view the manner in which the report was handled by defense counsel at trial was not *per se* prejudicial, and plaintiff has made no clear showing of prejudice.

Next, I do not dispute that error is committed when an exhibit properly refused admission finds its way to the jury room. However, the circumstances surrounding the incident in this case convince me there was a mistake, that the mistake was inadvertent and that it was resolved appropriately without prejudice to the plaintiff. Very soon after the jury retired to deliberate, a note was sent to Judge Yontz reporting that the arrest report had been sent into the jury room despite the court's ruling. Judge Yontz promptly directed the bailiff to remove the exhibit from the room, and this was done. After the verdict was returned, Judge Yontz interviewed the jury foreman, Louis Lowery, to determine whether any of the jurors had, in fact, read the arrest report. Lowery said that none had. On this basis, the trial court found that the mishandling of the exhibit was harmless. In my opinion, the situation was adequately remedied by the trial court.

While the plaintiff's trial was not error-free, it was fair. Thus, the constitutional mandate is satisfied. In my opinion, the trial court properly denied plaintiff's motion for a new trial, and the case should be put to rest. I would affirm the judgment of the circuit court of Tazewell County.